UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CALVIN BURKE,
   Plaintiff,

vs.                                                                                No. 05-1059

ILLINOIS DEPARTMENT OF CORRECTIONS, et.al.,
   Defendants.

## ORDER

*Preliminary Injunction*

The plaintiff seeks a preliminary injunction to compel the defendants to provide him with surgery for his periodontal disease (d/e 8). He says he has "swollen, bleeding and pus-filled gums" and that Dr. Awada told him to get surgery immediately after his release.

"A preliminary injunction is an extraordinary remedy that is only granted where there is a clear showing of need." *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999). "The purpose of a preliminary injunction is to preserve the status quo pending a final hearing on the merits." *American Hospital Ass'n v. Harris*, 625 F.2d 1328, 1330 (7th Cir. 1980). The prerequisites to the granting of a preliminary injunction are well established. To support the issuance of a preliminary injunction, a plaintiff must demonstrate: (1) a likelihood of success on the merits; (2) the inadequacy of a remedy at law; and (3) irreparable harm if the injunction is not issued. *Cooper*, 196 F.3d at 813. If the plaintiff meets this threshold inquiry, the court then balances the harm of wrongfully denying the injunction to the harm of wrongfully issuing it, and the public interests involved. *Id.*. To show a likelihood of success, the plaintiff "need only demonstrate a 'better than negligible chance of succeeding.'" *Id.*, quoting *Boucher v. School Bd. of Greenfield*, 134 F.3d 821, 824 (7th Cir. 1998).

18 U.S.C. Section 3626 sets limits on the prospective relief a court can grant with respect to prison conditions. With regard to preliminary injunctions:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief . . .

18 U.S.C. Section 3626(a)(2). A preliminary injunction automatically expires 90 days after its entry, unless the court enters a final order for prospective relief before then. *Id.*

Defendant Awada is a licensed dentist practicing in Illinois who has treated the plaintiff. (Awada Aff. ¶ 1, d/e 25, Ex. 1). Dr. Awada avers in relevant part:

3.     Mr. Burke suffers from a condition of periodontal disease.

4.     Mr. Burke's periodontal disease in general does not pose a serious risk of harm to [him].

5. However, Mr. Burke does have periodic swelling and bleeding of his gums associated with abscesses near tooth 31.

6. Calvin Burke has been advised by me that cleaning of his gums at or near the area of tooth 31 is not sufficient to take care of his abscesses at that area.

7. There are two (2) options for treating Plaintiff's periodontal disease.

8. One option involves surgery and the other involves removal of Plaintiff's tooth 31.

9. In my medical opinion as the dentist at the Illinois River Correctional Center, I recommend that Mr. Burke have his tooth removed in order to alleviate any further risk of harm associated with his recurring abscesses at or near that tooth.

10. As surgery to treat Plaintiff's periodontal disease would very likely not be successful in saving Plaintiff's tooth, it is my medical opinion that removal of the tooth is necessary in order to prevent further abscesses from occurring.

11. Any health risks Plaintiff's periodontal disease may present to Mr. Burke are associated with the abscesses at or near tooth 31.

12. In my medical opinion, the removal of tooth 31 would alleviate the risks of serious harm to the Plaintiff resulting from Plaintiff's periodontal disease.

13. Plaintiff has refused to have this tooth removed.

14. I cannot force Mr. Burke to consent to this medical procedure.

15. Apart from Plaintiff's tooth 31, his periodontal disease does not pose a serious medical need for this inmate.

(Awada Aff. ¶ 1, d/e 25, Ex. 1).

The plaintiff offers nothing to dispute Dr. Awada's affidavit. Instead, he moves to strike the use of his medical records because the court has not yet entered a HIPPA qualified protective order. Because the plaintiff has nothing to dispute Dr. Awada's affidavit, he has not shown a likelihood of success on his deliberate indifference claim. Preliminary injunctive relief is therefore not warranted. As to HIPPA, the plaintiff cannot expect to file a lawsuit challenging his medical treatment and then bar the defendants from using his medical records to defend themselves.

IT IS THEREFORE ORDERED:

1) The plaintiff's motion for preliminary injunction is denied (d/e 8);

2) The motions for HIPAA Qualified Protective Order are granted (d/e's 19, 28). The clerk is directed to enter the orders proposed by the defendants with the court's electronic signature (d/e 19, Ex. 1; d/e 28, Ex. 1);

3) The plaintiff's motion to strike is denied (d/e 29);

4) Defendant Wexford et al.'s motion for an extension to file an Answer is denied as moot. (d/e 20). Their Answer is already on file.

2

  5)  The plaintiff shall disclose expert witnesses and expert testimony pursuant to the requirements of Fed. R. Civ. P. 26(a)(2) by December 1, 2005.

  6) The defendants shall disclose expert witnesses and expert testimony pursuant to the requirements of Fed. R. Civ. P. 26(a)(2) by January 4, 2006.

  7) Discovery closes February 28, 2006.  The plaintiff's incarceration limits him to written discovery. Written discovery shall be served on a party at least 30 days before the discovery deadline.

  8) Dispositive motions are due March 31, 2006.

  9)  A final pretrial is scheduled for January 8, 2007, at 1:30 p.m. by video conference.

  10)  A jury trial is scheduled for January 22, 2007, at 9:00 a.m. at the U.S. Courthouse, 201 S. Vine St., Urbana, IL.

Entered this   27th   Day of   September  , 2005.

                  **s/Harold A. Baker**

                  HAROLD A. BAKER
                  UNITED STATES DISTRICT JUDGE